Leona Kogut, p. a. *vs.* Louis Pytel.

APRIL 17, 1925.

PRESENT: Sweetland, C. J., Stearns, Rathbun, Sweeney, and Barrows, JJ.

RATHBUN, J. This is an action of trespass on the case to recover damages caused by the defendant's dog biting the plaintiff while the dog was out of the defendant's enclosure. The first count of the declaration is based on the provisions of Section 3, Chapter 136, General Laws, 1923, making the owner or keeper of a dog liable for damage sustained by any person by reason of being assaulted, bitten or otherwise injured by such dog "while . . . out of the enclosure of the owner or keeper." The second count charges liability at common law by alleging that the defendant kept on his premises a dog which he knew was vicious and negligently failed to secure and fasten said dog with the result that the dog bit plaintiff. The trial in the Superior Court resulted in a verdict for the plaintiff for $300 and the case is before us on the defendant's exceptions as follows: To the ruling of the trial justice denying the defendant's motion for a continuance on the ground of absence of a material witness; to the rulings of said justice admitting

testimony and to a decision of said justice denying the defendant's motion for a new trial.

About one week before the date for which the case was assigned for trial the defendant's counsel gave notice to the plaintiff's counsel that a material witness for the defendant would, by reason of sickness, be unable to attend court on said date, and when the case was called for trial the defendant moved for a continuance on the ground of absence of a material witness and filed a certificate of a practicing physician in compliance with Rule 7 of Rules of Practice of the Superior Court. The motion was denied on the ground that the motion was not supported by an affidavit stating the facts to which the absent witness was expected to testify as provided by Rule 6 of said Rules. The ruling denying the motion for a continuance was correct. Said rule specifically provides that: "No motion for a continuance of a cause standing for trial on the ground of the absence of a material witness shall be granted, unless such motion be supported by an affidavit" stating the facts to which the witness is expected to testify. Said rule further provides "that no such motion shall be granted if the adverse party will admit for the purposes of the trial that the absent witness if present would swear to the facts set forth in the affidavit." To obtain a continuance on the ground of sickness of a witness it is necessary to comply not only with Rule 7 but also with Rule 6 of said Rules. A witness is as much absent when absent because of his sickness as when absent for any other reason.

The exceptions to the admission of testimony are without merit and require no consideration.

It was not denied that the plaintiff's injuries were caused by the defendant's dog and that the injuries were inflicted outside of the defendant's enclosure, and there was evidence which the jury were warranted in believing that the defendant had knowledge of the vicious nature of the dog which was not fastened or secured at the time he attacked the plaintiff. The damages are not grossly excessive irre-

spective of the question whether the jury were warranted in awarding exemplary damages. The uncontradicted evidence on behalf of the plaintiff established liability under Section 3 of said Chapter 136. See *Kelly* v. *Alderson*, 19 R. I. 544; *Peck* v. *Williams*, 24 R. I. 583; *Palmer* v. *Saccocia*, 33 R. I. 476; *Whittet* v. *Bertsch*, 39 R. I. 31. We find no reason for disturbing the decision of the trial justice denying the defendant's motion for a new trial.

All of the defendant's exceptions are overruled and the case is remitted to the Superior Court with direction to enter judgment on the verdict.

*Greene, Kennedy & Greene,* for plaintiff.
*William G. Rich,* for defendant.

